UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| HARTFORD CASUALTY INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No: 1:08-cv-01350-JBM-JAG ) |
| LAWRENCE, MOORE, OGAR & JACOBS, and its partners, WILLIAM LAWRENCE, an individual, FRED MOORE, an individual, HELEN OGAR, an individual, and KEVIN P. JACOBS, an individual, BETTY L. POTASNAK, an individual, VICKI COOK MUHS, an individual, and PK MANAGEMENT CO., INC., an Illinois corporation, | ) ) ) ) ) ) ) ) ) |
| Defendants, | ) ) |
| and | ) ) |
| LAWRENCE, MOORE & OGAR, LAWRENCE, MOORE, OGAR & JACOBS, and its partners, FRED MOORE, an individual, HELEN OGAR, an individual, and KEVIN P. JACOBS, an individual, | ) ) ) ) ) |
| Third-Party Plaintiffs, | ) ) |
| v. | ) JURY TRIAL DEMANDED ) |
| TARA CONKLIN and SNYDER & SNYDER AGENCY, INC. Third-Party Defendants. | ) ) ) |

## THIRD-PARTY COMPLAINT

Third-party plaintiffs, Kevin Jacobs, Fred Moore, Helen Ogar, Lawrence, Moore & Ogar and Lawrence, Moore, Ogar & Jacobs for their third-party complaint against the third-party defendants Tara Conklin and Snyder & Snyder Agency, Inc. state as follows:

STATEMENT OF CASE

This is an action for negligence in the procurement of professional liability insurance for the third-party plaintiffs by the third-party defendants. Third-party plaintiffs seek a determination that third-party defendants were negligent in procuring insurance on their behalf through plaintiff Hartford Casualty Insurance Company.

Parties

1. From January 1, 2005 to November 1, 2008 Lawrence, Moore, Ogar and Jacobs (LMOJ) was a partnership of attorneys with its offices in Bloomington, McLean County, Illinois and engaged in the practice of law.

2. The partnership of Lawrence, Moore and Ogar (LMO) came into existence on November 1, 2008, is a partnership of attorneys with its offices in Bloomington, McLean County, Illinois, is engaged in the practice of law and is successor in interest to LMOJ.

3. Kevin Jacobs (Jacobs) is a resident of Bloomington, McLean County, Illinois, was at all relevant times a partner in Lawrence, Moore, Ogar and Jacobs from November, 2004 to November, 2008 and is an attorney engaged in the practice of law.

4. Fred Moore (Moore) is a resident of Bloomington, McLean County, Illinois, was at all relevant times a partner in Lawrence, Moore, Ogar and Jacobs and is an attorney engaged in the practice of law.

5. Helen Ogar (Ogar) is a resident of Bloomington, McLean County, Illinois, was at all relevant times a partner in Lawrence, Moore, Ogar and Jacobs and is an attorney engaged in the practice of law.

6. Tara Conklin (Conklin) is a resident of McLean County, Illinois and does business in McLean County, Illinois.

7. Snyder & Snyder Agency, Inc. (Snyder) is an Illinois corporation doing business in McLean County, Illinois.

## JURISDICTION AND VENUE

8. This matter is a third-party action brought before the court pursuant to Fed. R. Civ. P. 14(a). The court's jurisdiction over the initial action is pursuant to 28 U.S.C. sec. 1332 as the amount in controversy exceeds $75,000 exclusive of costs and interest, and the plaintiff and defendants are citizens of different states.

9. Venue is proper in this district pursuant to 28 U.S.C. sec. 1391 as this case involves a liability insurance policy sold and issued to third-party plaintiffs in this district. As an additional basis for venue in this district, all third-party defendants reside in this district.

## FACTUAL BACKGROUND

10. At all relevant times, Conklin was an insurance producer in Illinois.

11. At all relevant times, Snyder was an insurance producer in Illinois.

12. In December, 2006, Conklin was employed with Snyder as an account executive.

13. Snyder, through its employees or agents, contacted third-party plaintiffs in December, 2006, and offered to procure multiple lines of insurance for third-party plaintiffs, including legal malpractice insurance for the protection of their business and personal assets.

14. Third-party plaintiffs advised Snyder of the nature of their business and their requirement that any insurance policy issued provide coverage for any acts of legal malpractice which occurred any time since Jacobs, Moore and Ogar were licensed to practice law.

15. Third-party plaintiffs further advised Snyder of additional requirements that any insurance policy issued provide coverage for any acts of legal malpractice for LMOJ since its inception.

16. Third-party plaintiffs were advised by Snyder through its employees and agents that it would obtain an appropriate insurance policy for the protection of third-party plaintiffs, their business and personal assets and that the insurance policy issued would provide coverage for any acts of legal malpractice occurring since Jacobs, Moore and Ogar were licensed to practice law, coverage for any acts of malpractice committed by any law firm with which they were previously affiliated as well as coverage for any acts of legal malpractice for LMOJ since its inception.

17. Snyder then procured a Lawyers Professional Liability insurance policy for third-party plaintiffs through Hartford Casualty Insurance Company, under policy number 83 SBA UP6298 and issued for the policy period 12/21/06 to 12/21/07. Hartford subsequently renewed the policy for the period 12/21/07-12/21/08. A copy of the insurance policy has been previously filed with the court as exhibit A to document #1.

18. Conklin represented to third-party plaintiffs a retroactive date of December 21, 2006 for Lawyers Professional Liability insurance would meet their requirements for legal malpractice insurance coverage.

19. Third-party plaintiffs relied upon the representations of Conklin of a retroactive date which would meet their requirements.

20. The policy Snyder procured had a retroactive date of December, 21, 2006.

21. On March 17, 2008, third-party plaintiffs were named as defendants in a legal malpractice lawsuit entitled *Betty E. Potasnak, Vicki Cook Muhs, and PK Management, Co., Inc, Plaintiffs, v. Kevin Jacobs, Lawrence, Moore, Ogar & Jacobs, and its partners, William Lawrence, Fred Moore, and Helen Ogar, Costigan & Wallrab, P.C. and its shareholders, David C. Wochner, Robert W. Nierynck, Dawn L. Wall, Robert S. White, Sheldon L. Bane, Carrie L.*

*Borowski, Dominic A. Salvati Geoffrey B. Dodds, Defendants,* in Sangamon County case 08 L 78 (*Potasnak suit*).

22. Third-party plaintiffs subsequently tendered defense of the *Potasnak* suit to Hartford Casualty Insurance Company (Hartford).

23. On May 15, 2008 Hartford denied coverage to third-party plaintiffs for the *Potasnak suit*. A copy of Hartford's denial letter is attached as exhibit A.

24. Hartford has instituted a declaratory judgment action in which it seeks an order finding it is not required to either defend or indemnify third-party plaintiffs in the *Potasnak suit* under the terms of the insurance policy it issued.

## Count I

## LMO and LMOJ v. Conklin

Third party plaintiffs LMO and LMOJ for Count I of the third-party complaint against Tara Conklin state as follows:

1- 24. Third party plaintiffs reallege paragraphs 1- 24 of the third party complaint as paragraphs 1- 24 of Count I.

25. At all times relevant, it was the duty of Conklin to use ordinary care and skill in procuring and placing the insurance coverage requested by LMOJ.

26. Third-party defendant Conklin was negligent in the procurement and placement of the insurance coverage in one or more of the following ways:

a) Failed to select a retroactive date covering acts occurring prior to the inception of the policy;

b) Failed to advise the third-party plaintiffs that the retroactive date submitted in the application would not afford coverage for acts occurring prior to the inception of the insurance policy;

c) Incorrectly completed the application for insurance so as to not afford any coverage for acts occurring prior to the inception of the insurance policy;

d) Failed to obtain legal malpractice insurance providing coverage to Jacobs, Moore, Ogar from the time they were licensed to practice law;

e) Failed to obtain legal malpractice insurance for LMOJ for acts occurring prior to December 21, 2006.

27. As a direct and proximate result of third-party defendant Conklin's negligence, LMOJ has suffered the loss of insurance coverage for the *Potasnak suit*, incurred attorneys fees in defending the *Potasnak suit*, does not have insurance coverage for legal malpractice occurring prior to December 21, 2006 and cannot obtain legal malpractice insurance for any acts occurring prior to December 21, 2006.

WHEREFORE, third-party plaintiffs LMO and LMOJ request this court enter judgment in their favor and against third-party defendant Conklin in an amount not less than $980,000 and for their costs incurred in prosecution of this lawsuit.

<u>Count II</u>

<u>LMO and LMOJ v. Snyder</u>

Third party plaintiffs LMOJ and LMO for Count II of the third-party complaint against Snyder & Snyder, Inc. state as follows:

1- 24. Third party plaintiffs reallege paragraphs 1- 24 of the third party complaint as paragraphs 1- 24 of Count II.

25. At all times relevant, it was the duty of Snyder to use ordinary care and skill in procuring and placing the insurance coverage requested by LMOJ.

26. Third-party defendant Snyder, through its employee or agent was negligent in the procurement and placement of the insurance coverage in one or more of the following ways:

      a)      Failed to select a retroactive date covering acts occurring prior to the inception of the policy;

      b)      Failed to advise the third-party plaintiffs that the retroactive date submitted in the application would not afford coverage for acts occurring prior to the inception of the insurance policy;

      c)      Incorrectly completed the application for insurance so as to not afford any coverage for acts occurring prior to the inception of the insurance policy;

      d)      Failed to obtain legal malpractice insurance providing coverage to Jacobs, Moore, Ogar from the time they were licensed to practice law;

      e)      Failed to obtain legal malpractice insurance for LMOJ for acts occurring prior to December 21, 2006.

27.      As a direct and proximate result of third-party defendant Conklin's negligence, LMOJ has suffered the loss of insurance coverage for the *Potasnak suit*, incurred attorneys fees in defending the *Potasnak suit*, does not have insurance coverage for legal malpractice occurring prior to December 21, 2006 and cannot obtain legal malpractice insurance for any acts occurring prior to December 21, 2006.

WHEREFORE, third-party plaintiffs LMO and LMOJ request this court enter judgment in their favor and against third-party defendant Snyder in an amount not less than $980,000 and for their costs incurred in prosecution of this lawsuit.

### Count III

### Jacobs, Moore and Ogar v. Conklin

Third party plaintiffs Jacobs, Moore and Ogar for Count III of the third-party complaint against Tara Conklin state as follows:

1- 24. Third party plaintiffs reallege paragraphs 1- 24 of the third party complaint as paragraphs 1- 24 of Count I.

25. Jacobs, Moore and Ogar are insureds as defined in the insurance policy issued by Hartford.

26. At all times relevant, it was the duty of Conklin to use ordinary care and skill in procuring and placing the insurance coverage requested by LMOJ.

27. Third-party defendant Conklin was negligent in the procurement and placement of the insurance coverage in one or more of the following ways:

a) Failed to select a retroactive date covering acts occurring prior to the inception of the policy;

b) Failed to advise the third-party plaintiffs that the retroactive date submitted in the application would not afford coverage for acts occurring prior to the inception of the insurance policy;

c) Incorrectly completed the application for insurance so as to not afford any coverage for acts occurring prior to the inception of the insurance policy;

d) Failed to obtain legal malpractice insurance providing coverage to Jacobs, Moore, Ogar from the time they were licensed to practice law;

e) Failed to obtain legal malpractice insurance for LMOJ for acts occurring prior to December 21, 2006.

28. As a direct and proximate result of third-party defendant Conklin's negligence, Jacobs, Moore and Ogar have suffered the loss of insurance coverage for the *Potasnak suit*, incurred attorneys fees in defending the *Potasnak suit*, do not have insurance coverage for legal malpractice occurring prior to December 21, 2006 and cannot obtain legal malpractice insurance for any acts occurring prior to December 21, 2006.

WHEREFORE, third-party plaintiffs Jacobs, Moore and Ogar request this court enter judgment in their favor and against third-party defendant Conklin in an amount not less than $980,000 and for their costs incurred in prosecution of this lawsuit.

### Count IV

### Jacobs, Moore and Ogar v. Snyder

Third party plaintiffs Jacobs, Moore and Ogar for Count IV of the third-party complaint against Snyder & Snyder, Inc. state as follows:

1-24.   Third party plaintiffs reallege paragraphs 1-24 of the third party complaint as paragraphs 1-24 of Count II.

25.   Jacobs, Moore and Ogar are insureds as defined in the insurance policy issued by Hartford.

26.   At all times relevant, it was the duty of Snyder to use ordinary care and skill in procuring and placing the insurance coverage requested by LMOJ.

27.   Third-party defendant Snyder, through its employees or agents was negligent in the procurement and placement of the insurance coverage in one or more of the following ways:

a)   Failed to select a retroactive date covering acts occurring prior to the inception of the policy;

b)   Failed to advise the third-party plaintiffs that the retroactive date submitted in the application would not afford coverage for acts occurring prior to the inception of the insurance policy;

c)   Incorrectly completed the application for insurance so as to not afford any coverage for acts occurring prior to the inception of the insurance policy;

d)   Failed to obtain legal malpractice insurance providing coverage to Jacobs, Moore, Ogar from the time they were licensed to practice law;

e)    Failed to obtain legal malpractice insurance for LMOJ for acts occurring prior to December 21, 2006.

28.    As a direct and proximate result of third-party defendant Conklin's negligence, Jacobs, Moore and Ogar have suffered the loss of insurance coverage for the *Potasnak suit*, incurred attorneys fees in defending the *Potasnak suit*, do not have insurance coverage for legal malpractice occurring prior to December 21, 2006 and cannot obtain legal malpractice insurance for any acts occurring prior to December 21, 2006.

WHEREFORE, third-party plaintiffs, Jacobs, Moore and Ogar, request this court enter judgment in their favor and against third-party defendant Snyder in an amount not less than $980,000 and for their costs incurred in prosecution of this lawsuit.

THIRD PARTY PLAINTIFFS DEMAND TRIAL BY JURY.

**LAWRENCE, MOORE, OGAR & JACOBS, LAWRENCE, MOORE & OGAR, KEVIN P. JACOBS, FRED MOORE, and HELEN OGAR, defendants**

**Drake, Narup & Mead, P.C.**

By   /s/Kirk W. Laudeman
      **Kirk W. Laudeman
      Reg. No:  6204915
      Drake, Narup & Mead, P.C.
      107 E. Allen Street
      Springfield, IL 62704
      (217)-528-9776 telephone
      (217) 528-9401 facsimile**

**PROOF OF SERVICE**

I certify that I electronically filed the foregoing with the Clerk of the Court using CM/ECF system on February 9, 2009, which will send notice of the filing to the following:

Michael J. Duffy
Huma P. Shah
Tressler, Soderstrom, Maloney & Priess, LLP
Sears Tower, 22nd Floor
233 South Wacker Drive
Chicago, IL 60606-6308

Mr. Lawrence A. Stein
Huck Bouma P.C.
1755 S. Naperville Road
Wheaton, IL 60187

I certify that I served a copy of the foregoing by placing same in an envelope and by depositing the same in the United States Mail at Springfield, Illinois, on the 9th day of February, 2009 with postage prepaid addressed to:

Ms. Tara Conklin
Snyder & Snyder, Inc.
1 Brickyard Drive
Bloomington, IL 61701-9914

Snyder & Snyder
c/o Stephen W. Snyder
1 Brickyard Drive
Bloomington, IL 61701-9914

/s/ Kirk W. Laudeman
Kirk W. Laudeman

KWL/gs
1953
02/09/09