E-FILED
Monday, 20 December, 2010  08:44:58 AM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| HARTFORD CASUALTY INSURANCE COMPANY, )<br>)<br>Plaintiff/Counter-Defendant, )<br>)<br>v. )<br>)<br>FRED MOORE, *an individual*, HELEN OGAR, *an individual*, KEVIN JACOBS, *an individual*, BETTY POTASNAK, *an individual*, VICKI COOK MUHS, *an individual*, PK MANAGEMENT CO. INC., *an Illinois corporation*, LAWRENCE MOORE & OGAR, *successor in interest to Lawrence Moore Ogar & Jacobs*, and PAUL LAWRENCE, *as Special Administrator of the Estate of William Lawrence, deceased*, )<br>)<br>Defendants/Counter-Plaintiffs, )<br>)<br>and )<br>)<br>LAWRENCE MOORE & OGAR, *successor in interest to Lawrence Moore Ogar & Jacobs*, FRED MOORE, *an individual*, HELEN OGAR, *an individual*, KEVIN JACOBS, *an individual*, )<br>)<br>Third-Party Plaintiffs, )<br>)<br>v. )<br>)<br>TARA CONKLIN and SNYDER & SNYDER AGENCY, INC., )<br>)<br>Third-Party Defendants. | Case No.  08-cv-1350 |

# **O R D E R   &   O P I N I O N**

This matter is before the Court on Third-Party Defendants and Cross-Claimants, Tara Conklin and Snyder & Snyder Agency, Inc.'s ("the Snyder Parties") Motion to Amend or Correct Judgment, or in the Alternative, to Reconsider or Clarify the Order and Opinion entered by this Court on October 12, 2010 (Doc. 95) and Memorandum in Support (Doc. 96). Plaintiff/Counter-Defendant Hartford Casualty Insurance Company ("Hartford") has filed a Response (Doc. 97); and the Snyder Parties have filed a Motion for Leave to File *Instanter* a Reply thereto (Doc. 109). For the following reasons, the Snyder Parties' Motion to File a Reply is DENIED,[1] and their Motion to Amend or Correct Judgment, or in the Alternative, to Reconsider or Clarify the Order and Opinion of October 12, 2010, is GRANTED in part and DENIED in part.

### BACKGROUND[2]

This lawsuit arose in December of 2008, when Hartford came to this Court seeking a declaratory judgment that it had no duty to defend or indemnify the law firm of Lawrence, Moore, Ogar & Jacobs[3] ("LMOJ parties") in a legal malpractice

---

[1] The Snyder parties seek leave to file a reply because Hartford raised an issue in its Response to their Motion to Amend that it had not argued previously. Accordingly, the Snyder parties would like to put forward "a more detailed argument" in reply. Although the Court previously allowed for a reply brief to be filed in this matter, Local Rule 7.1(B)(3) provides that replies are not generally permitted. The Court does not find that the Snyder parties' reply would be helpful here, and accordingly its Motion for Leave to File is DENIED.

[2] A complete factual and procedural background of this case is presented in this Court's Order and Opinion of October 12, 2010. (Doc. 93). The Court will provide a brief, simplified, summary here regarding matters relevant to the instant motions.

[3] As noted by Magistrate Judge Gorman in a February 10, 2009 text-only entry, the law firm Lawrence, Moore & Ogar is the successor in interest to the law firm of Lawrence, Moore, Ogar & Jacobs, which existed during the dates relevant to this

case against LMOJ parties pursuant to an existing insurance policy. (Doc. 1). In response, the LMOJ parties filed a Counterclaim against Hartford seeking a reformation of the relevant insurance policy, as well as a Third Party Complaint against the Snyder parties, who had served as the LMOJ parties' insurance producer. (Doc. 8). The Snyder parties, in turn, filed a Cross-Claim[4] against Hartford seeking contribution for any damages for which it may be liable to LMOJ. (Doc. 57).

On August 10, 2010, the Court granted Hartford's Motion for Summary Judgment, finding that the insurance policy at issue did not require Hartford to defend or indemnify the LMOJ parties in their legal malpractice lawsuit, and that the policy could not be reformed. (Doc. 82). Accordingly, the Court directed the parties to show cause as to why the LMOJ Counterclaim should not be dismissed as a matter of law, and why all remaining claims should not be dismissed for lack of jurisdiction. (Doc. 82).

On October 12, 2010, after receiving briefs from Hartford and the LMOJ parties,[5] the Court entered an Order and Opinion dismissing the LMOJ Counterclaim as a matter of law. (Doc. 93 at 11). The Court also dismissed the

---

dispute. (Doc. 8 at 2). Lawrence, Moore & Ogar was created on November 1, 2008. (Doc. 8 at 2). The caption was amended to reflect this distinction. Therefore, the Court will refer to Lawrence, Moore & Ogar and Lawrence, Moore, Ogar & Jacobs as "LMOJ," as that was the name of the firm during the time periods relevant to this suit.

[4] Although it has been labeled a "cross-claim" throughout this litigation, upon further examination it does not appear to the Court that the Snyder parties' claim against Hartford constitutes a cross-claim, but rather that it closer resembles a cross-complaint. Nevertheless, it will be referred to as the "Snyder parties Cross-Claim" for consistency purposes.

[5] LMOJ also filed various other motions which are not relevant to the instant disposition.

3

LMOJ parties' Third Party Complaints against the Snyder parties for lack of subject matter jurisdiction. (Doc. 93 at 19-20). However, because it found that it retained independent diversity jurisdiction over the Snyder parties' Cross-Claim against Hartford, the Court declined to dismiss that claim for lack of jurisdiction, and instead dismissed the Cross-Claim without prejudice pursuant to Hartford's pending motion to dismiss. (Doc. 93 at 11-19). The Court found that the Snyder parties' claim for contribution against Hartford could not be premised upon any independent tort liability of Hartford to the LMOJ parties, as such liability is barred by the economic loss doctrine. (Doc. 93 at 18-19). Nevertheless, because the Court found that the Snyder parties may be able to plead an agency theory of liability against Hartford, which it had not attempted to do in its original Cross-Claim, the Court dismissed without prejudice so that the Snyder parties could attempt to plead such a theory in their chosen forum in the future, if they so chose. (Doc. 93 at 19 n.8).

It is the Court's decision to assert independent jurisdiction over the Snyder parties' Cross-Claim that is the subject of the instant Motion to Amend or Correct Judgment, or in the Alternative, to Reconsider or Clarify the Order and Opinion.

## DISCUSSION

The Snyder parties have filed the instant Motion to Amend or Correct Judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. (Doc. 95 at 2). A motion under Rule 59(e) is not an opportunity for a losing party to reargue the merits of its case with arguments and theories that could have been made before the court rendered judgment. *LB Credit Corp. v. Resolution Trust Corp.*, 49

F.3d 1263, 1267 (7th Cir. 1995). Rather, such motion "must clearly establish either manifest error of law or fact or must present newly discovered evidence." *Id.* (*quoting FDIC v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986)).

The Snyder parties did not respond to this Court's August 10, 2010 Order to Show Cause. Indeed, the Snyder parties remained silent even after Hartford filed its response on August 31, 2010, arguing that the Court should retain jurisdiction over the Snyder Cross-Claim on the basis of diversity of citizenship and make a ruling based upon the merits of its previously filed motion to dismiss. (Doc. 83). Thus, the Snyder parties' have effectively waived their right to now argue that this Court did not have original jurisdiction over its Cross-Claim. *See id*. However, because the Snyder parties may have been under the impression that only Hartford and the LMOJ parties were directed to show cause, as the Order and Opinion of August 10, 2010 only disposed of a motion for summary judgment as between those two parties, the Court will nevertheless consider whether a manifest error of fact or law has been committed by its retention of the Snyder parties' Cross-Claim.

Upon a review of the parties' arguments, the Court finds that no such error was committed. In the Order and Opinion of October 12, 2010, the Court found that it had diversity jurisdiction over the Snyder parties' Cross-Claim pursuant to 28 U.S.C. § 1332 because both parties were diverse and there was more than $75,000 at stake. (Doc. 93 at 11-12). Thus even though the original Complaint, upon which federal jurisdiction had previously been premised, was dismissed, dismissal on jurisdictional grounds would not have been appropriate because of the Court's independent jurisdiction over the Cross-Claim. *See American Nat'l Bank & Trust*

*Co. v. Bailey*, 750 F.2d 577, 582 (7th Cir. 1984) (holding that dismissal of a cross-claim on jurisdictional grounds would not be appropriate even though supplemental jurisdiction no longer supported it because there was complete diversity between the parties and the requisite amount in controversy was at issue).

The Snyder parties argue that the Cross-Claim fails to meet the diversity requirement because both they and LMOJ are citizens of Illinois. However, while that impacts LMOJ's Third Party Complaints against the Snyder parties (which is why the Court could only assert supplemental jurisdiction over the Third Party Complaints), the lack of diversity between LMOJ and the Snyder parties has no bearing upon the claim between the Snyder parties and Hartford. As mentioned previously, although this claim has been referred to as a Cross-Claim, upon further review the Court finds that it actually bears more resemblance to a cross-complaint. A cross-claim is "a claim asserted between codefendants or coplaintiffs in a case that relates to the subject of the original claim or counterclaim." BLACK'S LAW DICTIONARY 404 (8th ed. 2004). The Snyder parties and Hartford were never codefendants or coplaintiffs in this case, Hartford was a plaintiff, and the Snyder parties were a third-party defendant.[6] Accordingly, the Snyder parties filed a cross-complaint ("a claim asserted by a defendant against another party to the action"), against Hartford. BLACK'S LAW DICTIONARY 404 (8th ed. 2004). This cross-complaint must be looked at by itself to determine whether the Court has

---

[6] Nor was Hartford itself a Third Party Defendant. A "third-party defendant" is "a party brought into a lawsuit by the original defendant." BLACK'S LAW DICTIONARY 1518 (8th ed. 2004). The Snyder parties did not bring Hartford into this action, Hartford was already in it as the original Plaintiff.

independent jurisdiction over it. Thus, because Hartford is an Indiana corporation with its principal place of business in Connecticut (Doc. 45), and the Snyder parties are citizens of Illinois (Doc. 57 at 15), the requisite diversity requirement is met.

Nor does the fact that the Snyder parties' Cross-Claim is related to LMOJ's Third Party Complaints take away this Court's jurisdiction. In the Order and Opinion of October 12, 2010, the Court considered whether the dismissal of the Third Party Complaint impacted its jurisdiction over the Cross-Claim. It doing so, it found that 1) while the monetary amount of the Snyder parties' contribution claim may be contingent upon the amount recovered by LMOJ against them, the Snyder parties' *right* to contribution from Hartford was not contingent, and 2) that a right to contribution could exist between parties who may be subject to liability arising out of the same injury, even if judgment had not yet been entered against any or all of them. (Doc. 93 at 12 n. 3 & 4). Accordingly, the Court found that even without LMOJ's Third Party Complaints, it could determine the Snyder parties' Cross-Claim.

Because this Court could still adjudicate the claim, had independent jurisdiction over the claim, and dismissal upon jurisdictional grounds is not appropriate when independent jurisdiction over a claim exists, s*ee American Nat'l Bank & Trust* Co, 750 F.2d at 582, the Court finds that no manifest error of law was committed.[7] Therefore, the Snyder parties' Motion to Reconsider the Order and

---

[7] Because the Court has independent jurisdiction over the Snyder parties' Cross-Claim, it did not consider whether or not it would be appropriate to retain supplemental jurisdiction over it in the Order and Opinion of October 12, 2010, nor need it do so now.

Opinion of October 12, 2010 and dismiss its Cross-Claim without prejudice for lack of subject matter jurisdiction is DENIED.

The Snyder parties' have also asked for clarification as to whether their claim against Hartford was dismissed with or without prejudice, and to provide them direction upon when and where they can re-plead. The Court believes that the Order and Opinion of October 12, 2010 speaks for itself. To the extent the Snyder parties seek contribution from Hartford based upon any alleged independent tort liability of Hartford, its claim is barred by the economic loss doctrine; such a claim cannot be maintained. However, the Snyder parties *may* be able to plead an agency theory of liability, which they did not successfully plead in their current Cross-Claim. Thus, the Court dismissed the Cross-Claim without prejudice so that the Snyder parties would have the opportunity to plead such a theory againt Hartford, if, when, and where they so chose.

## CONCLUSION

For the foregoing reasons, the Snyder parties' Motion for Leave to File a Reply (Doc. 109) is DENIED, and their Motion to Amend or Correct Judgment, or in the Alternative, to Reconsider or Clarify the Order and Opinion of October 12, 2010 (Doc. 95) is GRANTED in part and DENIED in part. It is DENIED to the extent that the Snyder parties' seek to have their claim dismissed for lack of jurisdiction, its is GRANTED to the extent that the Court has provided clarification to its dismissal in the instant Order and Opinion. IT IS SO ORDERED.

Entered this 17th day of December, 2010.

                                                                  s/ Joe B. McDade
                                                       JOE BILLY McDADE
                                   United States Senior District Judge